UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GORBE,
EDWARD SHARGABIAN, and
TYRON RUCKER,

        Plaintiffs,                            Case No: 17-11782

v.                                                    HON. AVERN COHN

THE CITY OF LATHRUP VILLAGE,
WILLIAM ARMSTRONG, and
SCOTT MCKEE,

        Defendants.
_____/

## MEMORANDUM AND ORDER GRANTING PLAINTIFF SHARGABIAN'S MOTION TO TOLL STATUTE AND ALLOW FOR HIS TITLE VII CLAIMS

### I.  INTRODUCTION

This is an employment discrimination case. Plaintiff Edward Shargabian (Shargabian) is a former police officer who worked for Defendants City of Lathrup Village (City), former police chief William Armstrong (Armstrong), and interim police chief Scott McKee (McKee) (collectively, Defendants). Shargabian is suing Defendants for age discrimination and retaliation under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act (Title VII), 42 U.S.C. § 2000e *et seq.*

A condition precedent to an ADEA and Title VII claim is the filing of a charge of discrimination with the EEOC within 300 days of termination. See 42 U.S.C. § 2000e-5(e)(1); see also Lacroix v. Tennessee Dep't of Transportation, 2000 WL 1140764, *1-*2 (6th Cir. 2000) (finding that ADEA and Title VII plaintiff "had 300 days from notification

of his termination in which to file a charge of discrimination with the EEOC") (citing Delaware State Coll. v. Ricks, 449 U.S. 250, 259 (1980)). A plaintiff may file a civil action in federal court within 90 days of receiving a right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1); see also Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1487 (6th Cir. 1989). The issues before the Court are whether Shargabian complied with these requirements when he filed an EEOC charge on January 11, 2018, and if not, whether his failure to comply may be excused on the basis of equitable tolling. For the reasons that follow, Shargabian's motion is GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

### A.

Shargabian says he has been subjected to harassment since March of 2016 because of his age. He also says he was terminated on February 10, 2017 because of his age and because he spoke out about departmental race and age discrimination against himself and co-plaintiffs Rucker and Gorbe, who are not parties to the instant motion. (Doc. 16). Defendants say Shargabian was terminated because he did not answer all questions on his Reserve Officer application. (Doc. 20).

### B.

Shargabian filed a complaint on June 5, 2017. (Doc. 1). At that time, he was represented by attorney Karie H. Boylan (Boylan). The complaint stated that "Plaintiff Shargabian filed charges of discrimination and retaliation with the EEOC which Plaintiffs Gorbe and Rucker openly support." (Id. at ¶ 39). However, no EEOC charge had been filed on Shargabian's behalf.

Defendants answered on July 24, 2017, raising the following affirmative defenses: "Plaintiffs have failed to exhaust administrative remedies before bringing this action"; "Plaintiffs' Complaint may be barred, in whole or in part, by the applicable statute of limitations"; and "Plaintiffs failed to file a charge of employment discrimination with the Equal Employment Opportunity Commission within 300 days of the allegedly unlawful employment practices." (Doc. 6, ¶¶ 3-5). Though the answer should have put Boylan on notice that no EEOC charge had been filed, she took no action.

Boylan withdrew as counsel due to a conflict of interest, (Doc. 10, Pg. ID 52), and was terminated as of November 13, 2017. (Doc. 13, Pg. ID 57). Shargabian then hired his current attorney, Raymond Guzall III (Guzall). On January 3, 2018, Shargabian asked Boylan to send him the EEOC charge she had filed on his behalf so that he could show it to Guzall. Boylan informed him that she had not filed an EEOC charge.

Shargabian filed an EEOC charge on January 11, 2018. To date, the record does not contain a right-to-sue letter or any other correspondence addressed to him from the EEOC. Shargabian filed the first amended complaint on January 12, 2018. (Doc. 16). On January 30, 2018, Defendants answered, asserting the same defenses they raised in their original answer. (Doc. 20). On January 19, 2018, Shargabian filed a motion to toll the statute of limitations for equitable reasons. (Doc. 19). Defendants responded, (Doc. 22), and Shargabian replied. (Doc. 25).

### III. LEGAL STANDARD

Both the 300-day filing requirement for an EEOC charge and the 90-day filing requirement for bringing suit in federal court are "more in the nature of a statute of limitations[,]" Jackson v. Richards Med. Co., 961 F.2d 575, 578 (6th Cir. 1992), rather

than jurisdictional prerequisites to filing suit. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Thus, they are subject to exceptions such as equitable tolling, waiver, and estoppel. Id.

Equitable tolling is sparingly applied. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). A plaintiff must show sufficiently inequitable circumstances that prevented timely filing. Sanders v. Numberger, 208 F.3d 215 (6th Cir. 2000). The Supreme Court has cautioned that "[t]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect" by an attorney. Irwin, 498 U.S. at 96. While "attorney error normally will not constitute the extraordinary circumstances required to toll the . . . limitations period . . . at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003).

## IV. ANALYSIS

Shargabian acknowledges that he failed to comply with the 300-day EEOC charge filing requirement, so the only remaining issue is whether equitable tolling of his Title VII and ADEA claims is appropriate under the facts of this case. The Court holds that it is.

The Sixth Circuit considers five factors to determine whether equitable tolling is appropriate: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his or her claim; 4) the plaintiff's diligence in pursuing his or her rights; and 5) absence of prejudice to the defendant. Truitt v. Cty. of Wayne, 148 F.3d 644, 648 (6th Cir. 1998). This is a non-exhaustive list and not all

factors may be relevant in every situation. Graham–Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir. 2000). The determination is fact-intensive and made on a case-by-case basis. Truitt, 148 F.3d at 648.

In light of the Supreme Court's decision in Holland v. Fla., 560 U.S. 631, 649 (2010), the Sixth Circuit moved away from applying the usual Truitt factors in habeas cases, and instead now utilizes the two-part Holland test when reviewing requests for tolling under AEDPA. Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010); Robinson v. Easterling, 424 F. App'x 439, 442, n.1 (6th Cir. 2011). However, the Truitt factors are still applied in Title VII and ADEA cases. Gordon v. England, 2012 WL 2790375, at *7 (W.D. Tenn. July 9, 2012), aff'd, 612 F. App'x 330 (6th Cir. 2015). Thus, the habeas case relied on by both parties, Robertson, is not particularly instructive here. Applying the relevant Truitt factors, the Court finds that they weigh in favor of equitably tolling the filing deadline for Shargabian's ADEA and Title VII claims.

First, and most importantly, Shargabian has shown that he pursued his claim diligently. "[T]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence[.]'" Robinson, 424 F. App'x at 443 (quoting Holland, 560 U.S. at 653). After he was terminated, Shargabian promptly hired Boylan and timely filed suit in federal court. Also, after learning that an EEOC charge had not been filed, he promptly filed one 8 days later. See Holland, 560 U.S. at 653 (finding that the claimant was reasonably diligent because "the *very day* that [he] discovered that his . . . clock had expired due to [his attorney's] failings, [he] prepared his own habeas petition *pro se* and promptly filed it with the District Court"). To the extent that Shargabian was not diligent, it was not because of his own inaction, but because of

5

Boylan's misrepresentation in the original complaint. Gordon v. England, 354 F. App'x 975, 982 (6th Cir. 2009).

Second, the Court finds that Boylan's affirmative misrepresentation is the kind of attorney misconduct that justifies equitable tolling. The Sixth Circuit has held that attorney incompetence is a proper basis for allowing equitable tolling of an EEOC filing deadline. Robertson, 624 F.3d at 785 (citing Cantrell v. Knoxville Cmty. Dev. Corp., 60 F.3d 1177, 1180 (6th Cir. 1995)). In the original complaint, Boylan made the false statement that "Plaintiff Shargabian filed charges of discrimination and retaliation with the EEOC." (Doc. 1 ¶ 39). Had Boylan done even a cursory review of Shargabian's case beforehand, she would have discovered as Guzall later did that an EEOC charge in fact had not been filed. Further, the Defendants' original answer put Boylan on notice of the 300-day deadline and the fact that an EEOC charge was not filed for Shargabian. (Doc. 6, ¶¶ 3-5). Finally, Plaintiff Rucker filed three of his five EEOC charges during Boylan's representation. (Doc. 26-7). Despite all this, Boylan neither informed Shargabian of the 300-day deadline nor corrected the affirmative misrepresentation she made to him and to this Court. Such actions are well beyond "garden variety" negligence, such as missing a deadline. Robertson, 624 F.3d at 784. Instead, they are "the result of wholly incompetent legal representation." Gordon, 354 F. App'x at 979. The Sixth Circuit and several other circuits have found equitable tolling appropriate under similar and even less egregious facts.[1]

---

[1] See, e.g., Gordon, 354 F. App'x at 980, 982 (finding that equitable tolling may be warranted where an attorney "misrepresented . . . compliance with the statutory deadlines[,]" in a Title VII case); Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 241 (3d Cir. 1999) (applying equitable tolling where the attorney misrepresented that a Title VII complaint was filed) (cited with approval in Gordon, 354 F. App'x at 980); United

Finally, there is no evidence of prejudice to Defendants. Defendants say they would suffer prejudice if Shargabian's claims were to proceed because they would have to defend against additional claims by an additional plaintiff to which they had no opportunity to try to settle beforehand. The Court finds this argument unpersuasive. "Although courts may not rely on lack of prejudice as a determinative factor, once a factor that might justify equitable tolling is identified, prejudice is a factor to be considered." Seitzinger, 165 F.3d at 241-42 (citing Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)). Shargabian's ADEA and Title VII claims are not new. Their substance was made known to the Defendants when he filed his original complaint. Hughes v. Region VII Area Agency on Aging, 542 F.3d 169, 188-89 (6th Cir. 2008). Further, Shargabian is not an additional plaintiff. He and co-plaintiffs Gorbe and Rucker assert the same claims alleging the same forms of discrimination[2] under the same underlying facts. Shargabian also has concurrent claims against Defendants for age discrimination under the Michigan ELCRA,[3] and for retaliation under the First Amendment. (Doc. 26 at 14). Additionally, Defendants had opportunities to seek out-of-court solutions after Shargabian's original filing, but instead moved to dismiss on

---

States v. Martin, 408 F.3d 1089, 1096 (8th Cir. 2005) (applying equitable tolling where the attorney made misleading statements and misrepresentations of law); United States v. Wynn, 292 F.3d 226, 230–31 (5th Cir. 2002) (same); cf. Byers v. United States, 561 F.3d 832, 836 (8th Cir. 2009) (refusing to apply equitable tolling for attorney's error where there was "no allegation of deceit, misrepresentation, or other serious misconduct").

[2] Rucker alleges retaliation, and both Gorbe and Shargabian allege age discrimination and retaliation. (Doc. 26 at 14-15).

[3] The application of law and evidentiary showings for Title VII and ELCRA claims are similar. Kitchen v. Chippewa Valley Sch., 825 F.2d 1004, 1014 (6th Cir. 1987); Patton v. Sears, Roebuck & Co., 234 F.3d 1269 (6th Cir. 2000).

procedural grounds, (Docs. 6, 20), and prepared a motion for partial summary judgment on the very claims they seek to have time-barred. (Doc. 26).[4]

Because Shargabian filed a timely complaint in this Court, the other Truitt factors need not be considered. See Gordon, 2012 WL 2790375 at *11.

## V. CONCLUSION

For the reasons stated above, the Defendants' statute of limitations defense is DENIED, and equitable tolling of Shargabian's Title VII and ADEA claims is GRANTED.

SO ORDERED.

                                 s/Avern Cohn
                                 AVERN COHN
                                  UNITED STATES DISTRICT JUDGE

Dated: May 11, 2018
Detroit, Michigan

---

[4] Other facts weighing against prejudice to the Defendants: 1) Shargabian's EEOC complaint was only 35 days late, Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001) (finding a "lack of prejudice to [the employer] from [a] twenty-nine day delay"); 2) he was forced to find new counsel, Holland, 560 U.S. at 651 ("[A]llowing tolling where client was prejudiced by a last minute change in representation that was beyond his control."); and 3) discovery has been extended in this case. (Doc. 17).