UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GORBE,
EDWARD SHARGABIAN,
and TYRON RUCKER,

                Plaintiffs,           Case No. 2:17-cv-11782

v.

THE CITY OF LATHRUP VILLAGE,          HON. AVERN COHN
WILLIAM ARMSTRONG and
SCOTT MCKEE,
                Defendants.

_____/

**ORDER AND MEMORANDUM GRANTING A PROTECTIVE ORDER (DOC. 50) AND DENYING DEFENDANTS' MOTION TO COMPEL (DOC. 51)**

### I. INTRODUCTION

This is an employment discrimination case. Michael Gorbe, Edward Shargabian, and Tyron Rucker, (collectively, "plaintiffs") are suing City of Lathrup Village, Chief of Police Scott McKee ("McKee") and former-Chief William Armstrong ("Armstrong") (collectively, "Defendants") for discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*, Michigan's Whistleblower Protection Act, MCL 15.361 *et seq.*, and the First Amendment. (Doc. 1). Plaintiffs seek compensatory and punitive damages, along with interest, costs, and attorney fees. Plaintiffs also ask that the Court reinstate their previous employment positions.

Discovery issues relating to the scope of deposition testimony have arisen. Now before the Court is Defendants' Motion for a Protective Order (Doc. 50), and

Defendants' Motion to Compel (Doc. 51). For the reasons stated below, the motion for a protective order is GRANTED, (Doc. 50) and the motion to compel is DENIED (Doc. 51).

## II. BACKGORUND

### A.

After the initial pleadings, Defendants challenged the procedural standing of Plaintiff Edward Shargabian (Shargabian). (Doc. 26). Defendants argued that Shargabian had failed to file a discrimination charge with the EEOC, and this failure warranted dismissal. However, the Court issued an order in favor of equitable tolling and decided that Shargabian's claims were properly before the Court. (Doc. 33). Nevertheless, Defendants have continued to question Shargabian about the circumstances surrounding his failure to file, and the related communications between him and his lawyer. Defendants now seek to compel Shargabian's testimony. (Doc. 51).

### B.

Plaintiffs have taken the deposition of Defendants. Both Defendants were asked several questions regarding a Sergeant Michael Zang (Zang). Zang is a former co-worker of the Plaintiffs and is not a party to this litigation. During the deposition of Armstrong and McKee, Plaintiffs asked questions about an extra-marital affair and a domestic dispute that Zang allegedly committed prior to him becoming a police officer. Defendants say that this information is irrelevant and only meant to embarrass and harass Zang.

Defendants have submitted evidence that support the fact that Plaintiffs harbor animosity towards Zang. For example, Shargabian previously posted a picture on Facebook of Zang sitting next to a woman on a plane, and publicly accused him of

2

having an affair with her. (Doc. 50, Ex. G).  There are also Plaintiff text messages that refer to Zang as "Sgt. Wang." (Doc.50, Ex. F).

Additionally, in the motion for a protective order, Defendants say that Plaintiffs have asked questions related to privileged material.  In a recent deposition of McKee, he was asked questions about his personal disciplinary history.  McKee was repeatedly asked—among other things—whether he was terminated, knew of the reasons for his termination, or whether he was familiar with the termination process of the police department.  Defendants asserted privilege in relation to these questions under <u>Ostoin v. Waterford Township Police Department</u>, 189 Mich. App. 334 (1991).  Defendants now seek an order that would ratify their decision to assert this privilege and use it again in other depositions. (Doc. 50).

### III. LEGAL STANDARD
#### *A. Discovery*

Under the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any parties claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401.  A court may limit the scope of discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

#### *B. Privileges*

Defendants assert the "deliberative process" privilege under <u>Ostoin v. Waterford Township Police Department</u>, 189 Mich. App. 334 (1991).  This privilege protects

3

government disclosure of its evaluative process. Id. However, this privilege is limited to evaluative materials; factual disclosures are not protected. Id. ("[T]he central question in the application of the privilege is whether the material sought is factual or evaluative.").

### *C. Relevant Prima Facie Evidence*

In this case, Plaintiffs' must gather evidence on the treatment of other, similarly situated employees. See, e.g., Grosjean v. First Energy Corp., 349 F.3d 332, 335 (6th Cir. 2003) (An ADEA claim asks "was [he] replaced by a person outside of the protected class?"); Litton v. Talawanda Sch. Dist., 485 F. App'x., 804, 807 (6th Cir. 2012) (A Title VII claim asks "[was] a person outside the protected class was treated more favorably than him?"); see also Andrews v. Ohio, 104 F.3d 803, 807 (6th Cir. 1997); Schultes v. Naylor, 491 195 Mich. App. 640, 643 (Mich. Ct. App.1992); Wurtz v. Beecher Metro. Dist., 495 Mich. 242, 246–247 (Mich. 2014).

## IV. ANALYSIS
### *A. Motion to Compel*

Defendants seek an order from this Court compelling Shargabian to answer questions regarding previous attorney-client communications related to this lawsuit. Although the parties argue about whether the privilege exists under these circumstances, a decision on whether the attorney-client privilege exists here is unnecessary, because the information is no longer relevant to the case. The Court has already decided that Shargarbian's procedural deficiencies do not warrant dismissal of his claims. Thus, the deposition questions Defendants seeks to compel are no longer relevant to any claim or defense at controversy in this case. Accordingly, the Court will not compel Shargabian to answer these questions.

## B. Motion for a Protective Order

Plaintiffs say Zang's transgressions are relevant to this case because "good moral character" is a minimum requirement to be a Lathrup Village Police Officer and, if proven, would help Plaintiffs prove disparate treatment of similarly situated employees. (Doc. 52). However, the question of whether Zang was (in fact) having an affair, or had prior domestic incidents, is irrelevant. Instead, the only relevancy this information could have in relation to the claims before the Court are whether the relevant decision-makers had knowledge of such transgressions. The arguable relevance of Zang's deposition testimony about these transgressions is outweighed by the clear danger of embarrassment and harassment. Therefore, the protective order is granted to the extent that Zang, or any other employee that was not part of the decision-making process, may not be questioned about the extra-marital affairs or domestic disputes. However, this order does not preclude Plaintiffs from asking relevant decision-makers whether they had knowledge of such transgressions.

In the motion for a protective order, Defendants also seek a ruling that Lathrup Village police employee files are protected by the "deliberative process" privilege. However, Defendants use of this privilege is overly-broad. For example, when McKee was asked "So you weren't terminated?" Defendants' counsel responded, "We're not answering that question." (Doc. 52, p10). Whether McKee was terminated is a factual disclosure and lends no insight into the evaluative process. Whether an employee was terminated is not a protected disclosure, however, the specific reasons for why a person was terminated may be protected. Accordingly, the Court will not ratify Defendant's overly-board assertion of the "deliberative process" privilege. Instead, the Court

5

instructs the parties to conform to the caselaw and make good faith distinctions between factual and evaluative disclosures.

## V. CONCLUSION

The protective order (Doc. 50) is GRANTED as to Sergeant Zang and any other employee not part of the decision-making process (related to any Plaintiff's adverse employment action). Defendants' use of the deliberate-process privilege is overly-broad and must conform to the controlling caselaw. The motion to compel (Doc. 51) is DENIED because the testimony sought is now irrelevant.

SO ORDERED.

<pre>
                                        s/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE
</pre>

Dated: 11/8/2018