UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GORBE,
EDWARD SHARGABIAN,
TYRON RUCKER

    Plaintiffs,

v.

                                                  HON. AVERN COHN
                                                  Case No.: 17-11782

THE CITY OF LATHRUP VILLAGE,
WILLIAM ARMSTRONG,
SCOTT MCKEE

    Defendants.

_____/

## **ORDER DENYING DEFENDANTS MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 62, 63, and 64).**

This is an employment discrimination case. Michael Gorbe, Edward Shargabian, and Tyron Rucker, (collectively, "Plaintiffs") are suing City of Lathrup Village, Chief of Police Scott McKee ("McKee") and former-Chief William Armstrong ("Armstrong") (collectively, "Defendants"). Plaintiffs' complaint contains the following counts, as phrased by Plaintiffs:

    Count I: Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.,
    Count II: Age Discrimination Reporting Retaliation
    Count III: Race Discrimination[1]
    Count IV: Race Discrimination Reporting Retaliation
    Count V: Disability Discrimination[2]
    Count VI: Disability Discrimination Reporting Retaliation

---

[1] Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.
[2] The Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

>    Count VII Elliott-Larsen Discrimination[3]
>    Count VIII: Elliot-Larsen Retaliation
>    Count IX: Intentional Infliction of Emotional Distress[4]
>    Count X: Michigan's Whistleblower Protection Act[5]
>    Count XI: Violation of the First Amendment[6] and Retaliation and Retaliatory Discharge

(ECF No. 45). Plaintiffs seek compensatory and punitive damages, along with interest, costs, and attorney fees. Plaintiffs also ask that the Court reinstate their previous employment positions.

Discovery has concluded, and Defendants have filed three separate motions for summary judgment, one for each Plaintiff (ECF Nos. 62, 63, and 64).

The motions do not conform to this Court's motion practice guidelines. According to the guidelines, the parties must set forth a statement of material facts as to which the moving party contends there is no genuine issue, and that entitle the moving party to a judgment as a matter of law (ECF No. 9). Defendants submitted three separate statements of material facts, one for each Plaintiff, which all include information outside the scope of material facts. Plaintiffs' responses muddle the record further. For example, Plaintiff Rucker's response to paragraph 26 spans three pages long (ECF No. 74).

It is impossible to discern from the record whether Defendant has carried their burden in demonstrating there is no genuine issue of material fact. Accordingly, summary judgment will be DENIED without prejudice for the sake of judicial

---

[3] The Elliot- Larsen Civil Rights Act, MCL 37.2101 et seq.
[4] Under Michigan common law.
[5] MCL 15.361 et seq.
[6] U.S. Const. Amend. 1

convenience. See Lemaster v. United States, 891 F.2d 115, 121 (6th Cir. 1989); Veillon v. Expl. Servs., Inc., 876 F.2d 1197, 1200 (5th Cir. 1989).

SO ORDERED.

                                                              s/Avern Cohn
                                                              AVERN COHN
                                                              UNITED STATES DISTRICT JUDGE

Dated: 11/01/2019
Detroit, Michigan