UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GORBE,
EDWARD SHARGABIAN, and
TYRON RUCKER,

       Plaintiffs,                                    No. 17-11782

v.                                                  Honorable Nancy G. Edmunds

THE CITY OF LATHRUP VILLAGE,
WILLIAM ARMSTRONG, and
SCOTT MCKEE,

       Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [115]
AND GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION [114]**

This is an employment discrimination case brought by Plaintiffs Michael Gorbe, Edward Shargabian, and Tyron Rucker against the City of Lathrup Village, Chief of Police Scott McKee, and former Chief William Armstrong, alleging discrimination and retaliation under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, the Americans with Disabilities Act, and the First Amendment of the United States Constitution. On March 31, 2021, the Court issued an opinion and order granting in part and denying in part Defendants' motion for summary judgment. (ECF No. 112.) More specifically, the Court entered summary judgment in favor of Defendants on all but one of Plaintiffs' claims, holding that only Plaintiff Rucker's Title VII discrimination claim based on the failure to promote could proceed. Plaintiffs now move for reconsideration on all of the claims dismissed by the Court. (ECF No. 115.) And Defendants move for reconsideration on the one claim that survived their motion for summary judgment. (ECF

1

No. 114.) For the reasons set forth below, the Court DENIES Plaintiffs' motion and GRANTS Defendants' motion.[1]

## I. Legal Standard

Under Eastern District of Michigan Local Rule 7.1(h)(1), a party may move for reconsideration of an order within fourteen days of the order's issuance. For the motion to succeed, the movant "must not only demonstrate a palpable defect by which the Court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A court generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the Court, either expressly or by reasonable implication." *Id.*

## II. Plaintiffs' Motion for Reconsideration

Plaintiffs move for reconsideration on all of the claims dismissed by the Court. Plaintiffs, in large part, rehash the arguments they previously made.[2] A motion for reconsideration, however, is "not the proper vehicle to relitigate issues previously considered." *See Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 255 (E.D. Mich. 1997) (internal quotation marks and citation omitted). Thus, the Court need not address the arguments it previously considered and rejected.

And while Plaintiff Rucker argues that the Court did not discuss his testimony that Defendant McKee did not allow him to participate in the same training or special

---

[1] Pursuant to Eastern District of Michigan Local Rule 7.1(h)(2), no response to a motion for reconsideration and no oral argument are permitted unless the Court orders otherwise.

[2] Plaintiffs even repeat arguments relating to issues that had no bearing on the Court's decision. For example, the Court did not reach the issue of pretext as to Plaintiff Shargabian. Yet, Plaintiffs reassert their arguments regarding the background packet he was asked to complete.

2

assignment opportunities younger, Caucasian officers were given, there is no evidence that these missed opportunities factored into the decision not to promote him. To the extent Plaintiff's argument can be construed as an attempt to bring a separate claim on this basis, courts have held that the failure to provide a plaintiff with extra training does not, generally, constitute an adverse employment action for purposes of a discrimination claim. *See, e.g.*, *Lindsey v. Whirlpool Corp.*, 295 F. App'x 758, 768 (6th Cir. 2008). Moreover, a plaintiff alleging discrimination "cannot bring claims in a lawsuit that were not included in his EEOC charge." *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). And there are no allegations regarding these acts in any of his charges.

Finally, to the extent Plaintiffs make new arguments, such as Plaintiff Rucker's argument based on the case of *Lee v. Cleveland Clinic Found.*, 676 F. App'x 488, 495 (6th Cir. 2017), the Court need not address these arguments "which could, and should, have been made before judgment issued." *See Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (internal quotation marks and citation omitted). Likewise, Plaintiffs improperly submit new evidence along with their motion, but even if the Court were to consider this evidence, it does not alter the Court's analysis. *See Tolbert v. Potter*, 206 F. App'x 416, 417-18 (6th Cir. 2006) (finding that "the district court did not abuse its discretion in refusing to grant [a plaintiff's] motion for reconsideration because the evidence [the plaintiff] wanted the district court to consider was available at the time the summary judgment motion was decided, and would not have affected the outcome even if considered"). Plaintiffs have provided answers to interrogatories completed by Lathrup Village's Mayor that indicate she was aware of some of the allegations regarding the statements made by Defendant McKee to argue that the City may be held liable even

if McKee was not the decision-maker with regard to the adverse acts at issue. The only case Plaintiffs cite to in support of this argument, *Hilliard v. Walker's Party Store, Inc.*, 903 F. Supp. 1162, 1178-79 (E.D. Mich. 1995), however, relates to a municipality's liability in a case brought under 42 U.S.C. § 1983 for an unconstitutional government policy or custom and is inapplicable here.

In sum, Plaintiffs do not identify a palpable defect by which the Court and the parties were misled.[3] The Court therefore denies Plaintiffs' motion for reconsideration.

### III. Defendants' Motion for Reconsideration

Defendants ask the Court to reconsider its denial of their motion for summary judgment as it relates to Plaintiff Rucker's Title VII race discrimination claim for the failure to promote. In its opinion and order, the Court found that due to uncertainty in the testimony as to who made the decision that a sergeant position was no longer available due to budgetary constraints, there was a question of fact as to pretext. (ECF No. 112, PgID 5196-97.) Defendants argue, however, that because the Court found that there is no evidence Defendant McKee, the only person who is alleged to have made racially insensitive remarks, was involved in the decision not to promote Plaintiff, even if there is a question of fact as to whether the proffered reason was false, this is insufficient to show pretext absent evidence of racial animus by a decision-maker. Moreover, Defendants note that in a parallel state court proceeding, a state court judge recently entered

---

[3] Plaintiffs appear to indicate the Court incorrectly stated that Plaintiff Shargabian's communications were made to his "co-workers" when he relayed one of Defendant McKee's statements to Gorbe after Gorbe was terminated. However, this does not alter the Court's conclusion that Shargabian's speech is not entitled to First Amendment or Title VII protection.

4

summary disposition in their favor on an analogous claim brought by Plaintiff Rucker under state law.[4]

Having taken a closer look at the evidence relating to Plaintiff Rucker's claim based on the failure to promote, the Court agrees that Plaintiff has not met his burden of showing both that the proffered reason was false *and* that unlawful race discrimination was the real reason.[5] *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993). Accordingly, the Court grants Defendants' motion for partial reconsideration. Because Defendants are entitled to summary judgment on Plaintiff Rucker's Title VII discrimination claim stemming from the failure to promote, the Court dismisses this claim with prejudice.

### IV. Conclusion

For the above-stated reasons, Plaintiffs' motion for reconsideration is DENIED, and Defendants' motion for reconsideration is GRANTED. Because this order resolves the only remaining claim in this case, the Court will enter a separate judgment closing the case.

SO ORDERED.

                                                              s/Nancy G. Edmunds
                                                              Nancy G. Edmunds
                                                              United States District Judge

Dated: April 21, 2021

---

[4] The state court case was filed after this Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. The order granting summary disposition was issued approximately two weeks prior to this Court's order on Defendants' motion for summary judgment was entered.

[5] Due to the Court's finding that there is no genuine dispute of material fact as to pretext, there is no need to address the issue of whether the state court order should be given preclusive effect.

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 21, 2021, by electronic and/or ordinary mail.

                                              <u>s/Lisa Bartlett</u>
                                              Case Manager